**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NEW YORK LIFE INSURANCE
COMPANY,

        Plaintiff,

                                Case No. 3:20-cv-560-J-34PDB

vs.

REBECCA KNEELAND, et al.,

        Defendants.

_____/

**O R D E R**

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u> on the issue of whether the Court has subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking").

      Plaintiff New York Life Insurance Company (New York Life) alleges in its Complaint in Interpleader (Doc. 1; Complaint) that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335.  Complaint ¶ 10.  Section 1335 provides the district courts with jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or gives a bond payable to the Clerk in the amount of such

money or property.  28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. VanLandingham, No. 5:04CV538OC10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006); Great Amer. Life Ins. Co. v. VanLandingham, No. 5:05-CV-155-OC-10GRJ, 2005 WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005).  Here, according to the allegations of the Complaint, the amount in controversy exceeds $500.00, Complaint ¶ 10, and "minimal diversity" exists because Defendants, the "adverse claimants," are alleged to be citizens of West Virginia, Florida, or Georgia.  Id. ¶¶ 2-8.  However, a review of the Court's Docket reveals that the third requirement, that of depositing the disputed policy proceeds in the Court registry, or a bond with the Clerk of the Court, has not been met.

In order for the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court.  Thus, in order to cure this jurisdictional defect, New York Life will be directed to deposit the proceeds of the AARP Group Permanent Life Insurance policy, certificate number A2984335, see Complaint ¶ 13, Ex. A, plus accrued interest, into the registry of the Court on or before June 23, 2020, and to file a Notice with the Court that it has done so.

In light of the foregoing, it is

**ORDERED**:

Plaintiff New York Life Insurance Company is directed to **DEPOSIT** the proceeds, and any accrued interest, from the AARP Group Permanent Life Insurance policy, certificate number A2984335, see Complaint ¶ 13, Ex. A, into the registry of the Court, on or before **June 23, 2020**, and to file a Notice with the Court that it has done so.  If Plaintiff fails to deposit the disputed insurance proceeds (or submit to the Court a bond payable to

the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

      **DONE AND ORDERED** in Jacksonville, Florida, this 9th day of June, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties