**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NEW YORK LIFE INSURANCE
COMPANY,

      Plaintiff,

                                      Case No. 3:20-cv-560-MMH-PDB

vs.

REBECCA KNEELAND, et al.,

      Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 72; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on January 19, 2021. In the Report, Judge Barksdale recommends the following: 1.) Plaintiff's Amended Motion for Default Judgment, Discharge, and Dismissal (Dkt. No. 51) be granted except to the extent New York Life requests entry of its proposed order and a "no just reason for delay" finding; 2.) default judgment be entered against Janice Latrelle Crawford, Randy Crummey, Walter Wayne Crummey, and Oxley-Heard Funeral Directors and that their respective interest, if any, in the death benefit and interest be terminated; 3.) New York Life be discharged from liability to Janice Latrelle Crawford, Hubert Dwaine Crummey, James Michael Crummey, Randy Crummey, Walter Wayne Crummey, Rebecca Kneeland (individually

and as personal representative of the Estate of Melba Blankenship), the Estate of Melba Blankenship, and Oxley-Heard Funeral Directors relating to the death benefit under individual life insurance certificate A2984335, which, with interest, is the money deposited into the Court's registry; 4.) the Court permanently enjoin Janice Latrelle Crawford, Hubert Dwaine Crummey, James Michael Crummey, Randy Crummey, Walter Wayne Crummey, Rebecca Kneeland (individually and as personal representative of the Estate of Melba Blankenship), the Estate of Melba Blankenship, and Oxley-Heard Funeral Directors from instituting or prosecuting any proceeding in any State or United States court affecting the death benefit; 5.) New York Life Insurance Company be dismissed with prejudice; and 6.) the case be continued as between the non-defaulting Defendants regarding their competing claims to the death benefit. See Report at 37-38.

  The day after the Magistrate Judge entered the Report, she conducted a settlement conference which was attended by James "Michael" Crummey, Hubert "Dwaine" Crummey, and Rebecca Kneeland (individually and as the personal representative of the Estate of Melba Blankenship) each of whom had made an appearance in the action. See Report on Settlement Conference (Dkt. No. 73; Settlement Report) at 1.  Despite having defaulted by failing to appear, Defendant Janice Latrell Crawford also attended.  The remaining Defendants

against whom the Court has entered defaults for their failure to appear, see Dkt. Nos. 33 – 36, did not attend. See Settlement Report at 1. In the Settlement Report, the Magistrate Judge advises:

> After good-faith negotiations, the non-defaulting defendants reached the following agreement about the death benefit and accrued interest now in the Court's registry:
>
> (1) From the death benefit and accrued interest now in the Court's registry, the outstanding amount owed to Oxley-Heard Funeral Directors for funeral goods and services for the late Melba Blankenship will be distributed to Oxley-Heard Funeral Directors:
>
> Oxley-Heard Funeral Directors
> 1305 Atlantic Avenue
> Fernandina Beach, FL 32034
>
> (2) The remainder of the death benefit and accrued interest after disbursement of the amount owed to Oxley-Heard Funeral Directors will be divided evenly, with half disbursed to Hubert "Dwaine" Crummey and the other half disbursed to James "Michael" Crummey:
>
> Hubert Dwaine Crummey
> 191 Amos Singletary Road
> Nashville, GA 31639
>
> James Michael Crummey
> 5326 Old Field Cemetery Road
> Baxley, GA 31513
>
> (3) After adoption of the report and recommendation, Doc. 72, and disbursement of the death benefit and accrued interest in accordance with the agreement, minus any fees payable to the Clerk's Office, see https://www.flmd.uscourts.gov/fees-table, the Court will dismiss the action with prejudice.

Settlement Report at 1-2. To date, no objections to either the Report or the Settlement Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a <u>de novo</u> review of those findings. <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>see also</u> 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions <u>de novo</u>. See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt in part the legal and factual conclusions recommended by the Magistrate Judge.[1]

Accordingly, it is hereby

**ORDERED**:

---

[1] In doing so, the Court declines to adopt the discussion of abstention in subsections IIC. and IIIC. as the Court is of the view that <u>sua sponte</u> consideration of the doctrine of abstention under the circumstances of this case is not necessary. Additionally, because the Settlement Report reflects that this case is fully resolved and with its acceptance judgment due to be entered as to all claims, the Court need not determine whether entry of a partial judgment is appropriate under Rule 54(b) Federal Rules of Civil Procedure. Thus, the Court will not adopt the discussion set forth in section IIIE.

4

1. The Report and Recommendation (Dkt. No. 72), with the exception of the discussion and conclusions in subsections IIC., IIIC., and IIIE., is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Amended Motion for Default Judgment, Discharge, and Dismissal (Dkt. No. 51) is **GRANTED** to the extent that:

    a. Default judgment is entered against Janice Latrelle Crawford, Randy Crummey, Walter Wayne Crummey, and Oxley-Heard Funeral Directors, and their respective interest, if any, in the death benefit and interest is terminated. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

    b. New York Life is discharged from liability to Janice Latrelle Crawford, Hubert Dwaine Crummey, James Michael Crummey, Randy Crummey, Walter Wayne Crummey, Rebecca Kneeland (individually and as personal representative of the Estate of Melba Blankenship), the Estate of Melba Blankenship, and Oxley-Heard Funeral Directors relating to the death benefit under individual life insurance certificate A2984335, which, with interest, is the money deposited into the Court's registry.

    c. The Court permanently enjoins Janice Latrelle Crawford, Hubert Dwaine Crummey, James Michael Crummey, Randy

5

    Crummey, Walter Wayne Crummey, Rebecca Kneeland (individually and as personal representative of the Estate of Melba Blankenship), the Estate of Melba Blankenship, and Oxley-Heard Funeral Directors from instituting or prosecuting any proceeding in any State or United States court affecting the death benefit.

  d. Plaintiff New York Life Insurance Company is **DISMISSED with prejudice**.

  e. In all other respects, the Motion is **DENIED**.

3. From the death benefit and accrued interest held in the Court's registry in connection with this case, the Clerk of the Court is directed to disburse the sum of $14,045.00 to Oxley-Heard Funeral Directors in full satisfaction of amounts due for all goods and services related to the funeral services and burial of the late Melba Blankenship.

4. The Clerk of the Court is directed to disburse 50% of the remainder of the death benefit and accrued interest held in the Court's registry in connection with this case to Hubert Dwaine Crummey at 191 Amos Singletary Road, Nashville, Georgia 31639, and the remaining 50% to James Michael Crummey at 5326 Old Field Cemetery Road, Baxley, Georgia 31513.

6

5. The remaining claims in this action are **DISMISSED with prejudice**.

6. Upon disbursement of the funds, the Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Janice Latrelle Crawford
1722 Caine Rd.
Baxley, GA 31513

Hubert Dwaine Crummey
191 Amos Singletary Rd.
Nashville, GA 31639

James Michael Crummey
5326 Old Field Cemetery Rd.
Baxley, GA 31513

Randy Crummey
612 Kate Mann Rd.
Baxley, GA 31513

Walter Wayne Crummey
98 Lamar Crosby Rd.
Baxley, GA 31513

Oxley-Heard Funeral Directors
1305 Atlantic Ave.
Fernandina Beach, FL 32034

Finance